UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MAXINE APPENBRINK and
RONALD APPENBRINK,

    Plaintiffs,

-vs-                                      CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., TRANS UNION LLC and
OLD NATIONAL BANK.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, MAXINE APPENBRINK AND RONALD APPENBRINK (hereinafter "Plaintiff's), sue Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), TRANS UNION LLC ("Trans Union"), and OLD NATIONAL BANK ("Old National") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiffs are natural persons and residents of Indian River County in the State of Florida. They are "consumers" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiffs reside within this District, the Defendants transact business within this District, and the violations described in this Complaint occurred in this District.

9. Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

13. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14. Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

16. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18. Old National is a corporation headquartered at One Main Street, Evansville, Indiana 47708 and is authorized to do business in the State of Florida.

19. Old National is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20. Old National furnished Plaintiff's information to the Equifax, Experian, and Trans Union, which was inaccurate.

## FACTUAL ALLEGATIONS

21. Plaintiffs made on time payments to First Midwest Bank through 2018, 2019 and 2020. Plaintiffs made payments to First Midwest Bank in August and September 2020.

22. Plaintiffs received a notice that Old National Bank had begun reporting them as late for August and September 2020. Plaintiffs had no knowledge of any relationship between Plaintiffs and Old National Bank.

23. Plaintiffs made their payments on time, and it was Old National Bank's mistake as Old National seemed to have obtained the loan from First Midwest Bank.

24. Plaintiffs were never informed of a transfer to Old National Bank and made payments pursuant to their obligation. Plaintiffs were not late on their payments in August and September 2020.

25. Old National Bank failed to allow First Midwest Bank or Plaintiffs to cure the Old National Bank's mistake and instead charge-off Plaintiffs' account. Plaintiffs were not late on their payments.

26. All Defendants are misreporting the amount that is outstanding, which caused for a significant decrease to Plaintiffs' credit score. The debt should have an outstanding balance of $42,583.50 and not $132,962. The current reporting is drastically affecting Plaintiffs' debt to income ratio.

27. To make matter worse, Trans Union reported the loan twice. Trans Union reported Old National Bank with a balance of $131,399 and an original charge off amount of $206,897. Then, Trans Union was duplicative reporting the same loan with Amsive, but with a "High Balance of $499,034 from 09/2020 to 07/2022. Trans Union was aware that the Amsive account was the same Old National Bank account. Plaintiffs disputed the inaccuracy repeatedly and Trans Union, Amsive and Old National Bank repeatedly verified it.

28. Again, Plaintiffs had made their on-time payments to First Midwest Bank.

29. Plaintiffs have repeatedly disputed the inaccuracies and all Defendants continue to inaccurately report the Old National bank debt.

30. Equifax, Experian, and Trans Union continue to publish Plaintiffs inaccurate credit reports to third parties. The amount past due has repeatedly been verified as correct when it is indeed inaccurate.

31. Plaintiffs are continuing to dispute the inaccurate reporting even as this Complaint is being filed. Old National Bank and all three CRAs continue to update and change the balance owed despite the plethora of evidence demonstrating the inaccurate reporting.

32. Due to the actions and/or inactions of the Defendants, Plaintiffs have suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation. Plaintiffs are being physically affected by the Defendants actions.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)- As to Defendant, Equifax

33. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

34. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

35. As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

36. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 USC § 1681o.

37. Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
### Violations of 15 U.S.C. § 1681i- As to Defendant, Equifax

38. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

39. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file.

40. Plaintiffs have repeatedly provided Equifax with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to their personal statements and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Old National without conducting any meaningful reinvestigation into any of Plaintiffs' disputes.

41. As a result of this conduct, action and inaction of Equifax, Plaintiffs have suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

42. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent to entitle the Plaintiffs to recover under 15 USC § 1681o.

43. Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiffs demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for their attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681e(b) As to Defendant, Experian

44. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

45. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

46. As a result of this conduct, action and inaction of Experian, Plaintiffs have suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this Complaint.

47. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 USC § 1681o.

48. Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i- As to Defendant, Experian

49. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

50. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file.

51. Plaintiffs repeatedly provided Experian with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to their personal statements and

relevant supporting documents. Experian ignored this information and instead chose to simply verify the information furnished by Old National without conducting any meaningful reinvestigation into any of Plaintiffs' numerous disputes.

52. As a result of this conduct, action and inaction of Experian, Plaintiffs have suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

53. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent to entitle the Plaintiffs to recover under 15 USC § 1681o.

54. Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for their attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
## Violations of 15 U.S.C. § 1681e(b) As to
## Defendant, Trans Union

55. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

56. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

57. As a result of this conduct, action and inaction of Trans Union, Plaintiffs suffered a loss of their personal time, emotional distress, and the damages otherwise outlined in this Complaint.

58. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 USC § 1681o.

59. Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages,

punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT VI**
**Violations of 15 U.S.C. § 1681i- As to**
**Defendant, Trans Union**

60. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

61. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file.

62. Plaintiffs repeatedly provided Trans Union with the information it needed to confirm that the account status should be shown as "current" with no outstanding balance, including but not limited to their personal statements and relevant supporting documents. Trans Union ignored this information and instead chose to simply verify the information furnished by Old National without conducting any meaningful reinvestigation into any of Plaintiffs' numerous disputes.

63. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

64. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for their attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VII
### Violations of 15 U.S.C. § 1681s-2(b)- As to Defendant, Old National

66. Plaintiff re-alleges and incorporates paragraphs one through thirty-two above as if fully set forth herein.

67. Old National furnished inaccurate representations Experian, Equifax, and Trans Union and through those companies to all of Plaintiffs' potential lenders.

68. Old National violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiffs' dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

69. Old National violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

70. Old National did not have any reasonable basis to believe that Plaintiffs were responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiffs were not the responsible party, including information provided to Old National by the Plaintiffs in connection with their disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the correct pay status.

71. As a result of the conduct, action, and inaction of Old National, Plaintiffs suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

72. Old National's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 USC 1681o.

73. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Old National in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Old National to Plaintiff; award Plaintiff their reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment for actual, statutory, and punitive damages against the Defendant; for their attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 8th day of May 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*