UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: 2:23-cv-14130-AMC

MAXINE APPENBRINK and
RONALD APPENBRINK,

    Plaintiffs,

vs.

EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS,
LLC; TRANS UNION LLC; OLD
NATIONAL BANK,

    Defendant.
_____/

## **DEFENDANT, OLD NATIONAL BANK'S, MOTION TO DISMISS**

Defendant, OLD NATIONAL BANK, by and through undersigned counsel, hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by MAXINE APPENBRINK and RONALD APPENBRINK (the "Plaintiffs"), and state the following in support[1]:

**I.    INTRODUCTION**

1.    Plaintiffs file the instant complaint against Defendant on May 8, 2023 asserting one count (Count VII) for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-

---

[1] Defendant, Old National Bank, is cognizant of the Court's Order Requiring Combined Responses entered on May 26, 2023; however, the two represented defendants, Trans Union LLC and Equifax Information Services LLC have filed separate answers as contemplated by the Order on June 21, 2023.

GHIDOTTI | BERGER

2(b). Specifically, the Complaint alleges Defendant failed to fully and properly investigate the Plaintiffs' dispute of its representations… (D.E. 1, ¶ 68.)

## II.     LEGAL ARGUMENT

### A. Standard for Motion to Dismiss

2.     Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984).

"Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### B. Plaintiffs Have Failed to State a Cause of Action

15 U.S.C. §1681s-2(b) addresses the duties that furnishers of information have once they receive notice of a disputed claim. Courts appear to be split on whether this section creates a private right of action. Some courts finding a private right of action base the decision on the language and legislative history of the statute. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002); Gibbs v. SLM Corp., 336 F.Supp.2d 1, 11 (D. Mass. 2004). However, courts have found that only a consumer reporting agency can bring a §1681s-2(b) claim. See Carney v. Experian Info. Solutions, Inc., 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999); Zamos II v. Asset Acceptance, LLC, 423 F.Supp.2d 777, 788 (N.D. Ohio 2006).

Regardless of whether the court finds a private right of action or not, the duties prescribed under 1681s-2(b) only arise by notice from a consumer reporting agency. See Abdrabboh v. Capital One Bank, 2006 WL 3004084 at *9 (E.D. Mich. Oct. 20, 2006) ("Section 1681s-2(b) requires furnishers of information to investigate disputed credit information, but only after receiving notice of the dispute from a consumer reporting agency"); Downs v. Clayton Homes, Inc., 88 Fed. Appx. 851, 853 (6th Cir. 2004) ("[T]he plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed"); Zager v. Deaton, 2005 WL 2008432 at *3 (W.D. Tenn. Aug. 16, 2005) ("[T]he fact that Defendant had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered").

Plaintiffs allege, without any specificity, that they "have repeatedly disputed the inaccuracies and all Defendants continue to inaccurately report the Old National bank debt." (D.E.

1, ¶29) Plaintiffs do not allege that Defendant received notice from a consumer reporting agency that the debt was in dispute. Consequently, this claim must be dismissed.

### C.  This Claim is Barred by the Statute of Limitations

15 U.S.C. §1681p states:

> An action to enforce any liability created under this subchapter may be brought in any appropriate U.S. District Court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of: (1) two years after the date of discovery by plaintiff of the violation that is the basis of such liability; or (2) five years after the date on which the violation that is the basis for such liability occurs.

The limitations period begins to run when a party knows or should have known, through the exercise of diligence, that a cause of action might exist. See Tidewater Fin. Co. v. Williams, 498 F.3d 249, 260 (4th Cir. 2007).

Although Plaintiffs failed to allege that Defendant received notice from a credit reporting agency that the debt is being disputed, Plaintiffs acknowledge that they learned that Defendant reported the debt as late for August and September 2020. (D.E. 1, ¶22). Based on the foregoing, the statute of limitations ran no later than September 2022. This complaint was not filed until May 8, 2023. Consequently, this claim must be dismissed.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2023, I served a conformed copy of the foregoing Notice upon all counsel of record and parties on the attached service list via U.S. Mail, or via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Dated: June 21, 2023.**

GHIDOTTI | BERGER

**GHIDOTTI | BERGER LLP**
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: (305) 501.2808
Facsimile: (955) 780.5578

By:/s/Jason_L. Duggar
Chase A. Berger, Esq.
Florida Bar No. 083794
Jason L. Duggar, Esq.
Florida Bar No.: 083813
*Counsel for Old National Bank*

## Service List

**Plaintiffs**

| | | |
|---|---|---|
| **Maxine Appenbrink and Ronald Appenbrink** | represented by | **Octavio Gomez, Esq.** <br> **The Consumer Lawyers PLLC** <br> **412 E. Madison St., Ste. 916** <br> **Tampa, FL 33602** <br> **Telephone: (813) 299-8537** <br> **Fax: (844) 951-3933** <br> **Email:** <br> tav@theconsumerlawyers.com <br> lisa@theconsumerlawyers.com |

**Defendants**

| | | |
|---|---|---|
| **Equifax Information Services LLC** | represented by | Jason Daniel Joffe, Esq. <br> Squire Patton Boggs (US) LLP <br> 200 S. Biscayne Blvd., Ste. 4700 <br> Miami, FL 33131 <br> Telephone: (305) 577-7000 <br> Fax: (305) 577-7001 <br> Email: Jason.Joffe@squirepb.com |
| **Trans Union LLC** | represented by | Charlotte Long, Esq. <br> Trans Union LLC <br> 555 W. Adams Street <br> Chicago, IL 60661 <br> Telephone: (469) 578-1464 <br> Email: <br> charlotte.long@transunion.com |

**Experian Information Solutions, Inc.**
**c/o CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**